ROBERTS, J., for the Court.
SUMMARY OF THE CASE
¶ 1. Randy Hariel underwent carpal tunnel surgery at Biloxi Regional Medical Center (BRMC). After Hariel woke up with unexplained burns on his leg, Hariel sued the attending surgeon, Dr. Carl Pa-lumbo, and BRMC for negligence.
¶ 2. After approximately a year, Dr. Pa-lumbo and BRMC filed separate motions for summary judgment because Hariel had not designated an expert witness. Hariel filed a successful motion for additional time pursuant to M.R.C.P. 56(f). The circuit court gave Hariel ninety days to complete discovery so Hariel could respond to *602 Dr. Palumbo’s and BRMC’s motions for summary judgment.
¶ 3. When Hariel’s ninety-day extension expired without his designating an expert witness, Dr. Palumbo and BRMC scheduled their motions for hearing. Hariel filed an unsuccessful motion to continue the summary judgment hearing. Accordingly, the circuit court heard Dr. Palum-bo’s and BRMC’s motions for summary judgment. After the hearing, the circuit court requested proposed findings of fact and conclusions of law. Otherwise, the circuit court held the matter in abeyance.
¶ 4. Approximately a week later, Hariel filed an affidavit of an expert physician and another Rule 56(f) motion for extension of time. Subsequently, however, the circuit court granted both Dr. Palumbo’s and BRMC’s motions for summary judgment. Aggrieved, Hariel appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 5. On March 7, 2003, Randy Hariel underwent surgery at Biloxi Regional Medical Center in Biloxi, Mississippi. Dr. Carl Palumbo performed Hariel’s surgery. Hariel suffered from carpal tunnel syndrome in his right wrist and “right shoulder impingement syndrome with partial rotator cuff tear.” When Hariel woke up from surgery, he found that he had a “serious” burn to the inner portion of his left calf.
Hariel’s complaint
¶ 6. On March 8, 2004, Hariel sued Dr. Palumbo and BRMC. Hariel’s attorney, David Lambert, attached an affidavit to Hariel’s complaint and stated:
I have personally reviewed the facts alleged in the Complaint, but have not had the opportunity to have the medical records reviewed by an independent medical professional qualified to give expert testimony as to the standard of care or negligence because the records from the medical providers have only just been received.
Dr. Palumbo’s and BRMC’s response
¶ 7. On April 20, 2004, BRMC filed its answer and denied liability. Simultaneously, BRMC propounded interrogatories to Hariel. Among those interrogatories, BRMC requested that Hariel identify any expert witnesses he planned to call at trial. Shortly afterwards, Dr. Palumbo submitted his own answer and discovery requests, including a request that Hariel identify his experts.
Affidavit from Hariel’s attorney
¶ 8. Hariel did not respond by designating an expert in response to the interrogatories. Instead, on May 3, 2004, Hariel’s attorney filed an amended affidavit and included the following generalized and non-specific statement: “I ... have consulted with an independent expert who would be qualified to give expert testimony as to the standard of care or negligence and who I believe is knowledgeable in the relevant issues involved in this action.”[1] Further, counsel for Hariel stated, “After reviewing the medical records, the independent consulting expert expressed an opinion that a breach of the standard of care occurred in this matter to result in Mr. Hariel’s injuries.”
Hariel’s response to interrogatories
¶ 9. Hariel responded to Dr. Palumbo’s interrogatories on June 10, 2004. Howev *603 er, he did not designate an expert witness. Rather, Hariel stated that he had “not yet determined the experts he expects to call at trial, but will timely supplement pursuant to Rule 26(b)(4) no later than the date specified in an Agreed Scheduling Order.” [2] On June 21, 2004, Hariel responded to BRMC’s interrogatories in identical fashion. Assuming the record presently before us contains all the documents filed in this matter, nothing happened in this case for approximately nine months.
Dr. Palumbo’s and BRMC’s motions for summary judgment
¶ 10. On March 14, 2005, Dr. Palumbo filed a motion for summary judgment. Dr. Palumbo submitted that summary judgment was appropriate because Hariel had not designated an expert witness. Two weeks later, the circuit court entered an agreed order and gave Hariel until April 25, 2005, to respond to Dr. Palumbo’s motion for summary judgment. BRMC filed its own motion for summary judgment on April 6, 2005. Like Dr. Palumbo, BRMC based its motion for summary judgment on Hariel’s failure to designate an expert witness.
Hariel requests additional time
¶ 11. The record contains no indication that Hariel met his April 25, 2005, deadline to respond to Dr. Palumbo’s motion for summary judgment. In any event, on May 6, 2005, Hariel filed a M.R.C.P. 56(f) motion for extension of time to respond to Dr. Palumbo’s and BRMC’s motions for summary judgment. Hariel claimed that, because he did not know the source of his burn, it was necessary that he conduct additional discovery “to fully respond” to Dr. Palumbo’s and BRMC’s motions for summary judgment.[3] Accordingly, Hariel requested that the circuit court overrule Dr. Palumbo’s and BRMC’s motions for summary judgment and that he be granted additional time pursuant to M.R.C.P. 56(f) to conduct discovery to ascertain the cause of his burn.
Hariel receives additional time
¶ 12. On May 16, 2005, counsel for both Dr. Palumbo and BRMC sent correspondence to Hariel’s attorney and expressed their willingness to allow Hariel a ninety-day extension to respond to their motions for summary judgment. Accordingly, on May 17, 2005, the circuit court granted Hariel’s motion for additional time. Pursuant to the circuit court’s order, Hariel received ninety days to conduct discovery. The order further set forth that, “After that time, [Hariel] will be permitted to respond to the Defendants’ Motion for Summary Judgment.” As such, the circuit court held Dr. Palumbo’s and BRMC’s motions for summary judgment in abeyance until the expiration of those ninety days.
Attempts to schedule depositions
¶ 13. Afterwards, the parties exchanged volleys of correspondence in an attempt to schedule depositions. On May 19, 2005, Hariel’s attorney sent a fax to BRMC’s attorney and said, “I will once again renew my requests for dates to depose your clients.”[4] Four days later, BRMC’s attorney responded and asked Hariel’s attorney to identify specific individuals rather than *604 “your clients.” On May 31, 2005, Hariel’s attorney faxed a letter to the lawyers for Dr. Palumbo and BRMC. By that letter, counsel for Hariel asked to depose “each and every person who was in any way assisted with Mr. Hariel’s surgery.”[5] On June 13, 2005, BRMC’s attorney faxed Hariel’s attorney and identified those individuals who, to BRMC’s knowledge, assisted with Hariel’s surgery. BRMC’s attorney also proposed potential deposition dates for “July 5-8; July 20; and July 25-29.” The record contains no response from Hariel’s attorney.
¶ 14. On July 20, 2005, BRMC’s attorney confirmed that Dr. Palumbo’s deposition, as well as Hariel’s would take place on July 28th. Further, BRMC’s attorney noted that there were still no scheduled depositions of BRMC employees. BRMC’s attorney then tendered additional potential deposition dates for “August 5, 9, 10, and the week of August 15th.” Again, the record contains no response from Har-iel’s attorney. In any event, Hariel and Dr. Palumbo gave their depositions on July 28, 2005.[6]
Hariel’s ninety-day extension expires
¶ 15. Hariel’s ninety-day extension to respond to Dr. Palumbo’s and BRMC’s motions for summary judgment expired on August 14, 2005. On August 17, 2005, counsel for BRMC faxed a letter to Har-iel’s lawyer and stated:
I spoke with Judge Terry’s Court Administrator and he is available to hear Defendants’ Motions for Summary Judgment on September 16th at 9 am in Biloxi. At your earliest convenience, please let me know your availability. If I do not hear from you by 5:00 p.m. on August 23, 2005, I will notice the hearing for September 16th.
(emphasis in original). One week later, counsel for BRMC mailed Hariel’s attorney a “re-notice of hearing” that the circuit court would conduct a hearing on Dr. Pa-lumbo’s and BRMC’s motions for summary judgment on September 16, 2005. However, on August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast. As such, the hearing on Dr. Palumbo’s and BRCM’s motions for summary judgment was cancelled.
¶ 16. On October 7, 2005, counsel for BRMC sent a letter to Hariel’s attorney and stated that the circuit court was available to conduct the summary judgment hearing on October 21, 2005. On October 10, 2005, Hariel’s attorney faxed correspondence to BRMC’s attorney and said:
As you know, we filed a Rule 56(f) Motion in response to the Motions for Summary Judgment. We were granted additional time to complete discovery. We have not completed the necessary discovery to afford us an opportunity to respond to the Motions for Summary Judgment. Specifically, we have not yet deposed your clients. I was hesitant to continue to push for the depositions out of courtesy to you and your clients, all of whom I felt had been affected by Hurricane Katrina. It appears, however, that *605 you and your clients are in a position to continue with the depositions.
We cannot agree to a hearing date until we have completed the necessary depositions. I suggest we agree to submit and [sic] Order to Judge Terry providing us and [sic] additional ninety (90) days to complete discovery, after which we can respond to the Motion for Summary Judgment. If you cannot agree, we will file an additional Motion and seek and [sic] Order.
¶ 17. Two days later, BRMC’s attorney faxed Hariel’s attorney a letter. Within that letter, BRMC’s attorney included a chronology of events regarding BRMC’s and Dr. Palumbo’s motions for summary judgment. BRMC’s attorney would not agree to another ninety-day extension based on the concepts that (a) she tendered prospective deposition dates and the names of the relevant employees, but Har-iel’s attorney never responded in an effort to schedule depositions, (b) Hariel’s ninety-day extension expired on August 14, 2005, (c) Hurricane Katrina struck the coast after Hariel’s deadline expired, and (d) Har-iel’s October 10, 2005 request for additional time occurred nearly sixty days after his initial extension expired.
BRMC sets its motion for summary judgment for hearing
¶ 18. On October 31, 2005, BRMC’s attorney contacted Hariel’s attorney by fax and notified Hariel’s attorney that, unless she heard otherwise by November 4, 2005, she would schedule a hearing on Dr. Pa-lumbo’s and BRMC’s motions for summary judgment for December 5, 2005. On November 10, 2005, BRMC’s attorney filed a notice that the circuit court would conduct a summary judgment hearing on December 5, 2005.
Hariel files a motion to continue the summary judgment hearing
¶ 19. On November 30, 2005, Hariel’s attorney filed a motion to continue the hearing on Dr. Palumbo’s and BRMC’s motions for summary judgment. Hariel’s counsel listed two reasons for his request for a continuance: (a) counsel had a trial in the Chickasaw County Circuit court for December 5, 2005, and (b) “counsel for the Plaintiff is located four (4) hours from Biloxi, Mississippi, and is not able to secure lodging due to Hurricane Katrina.”
The hearing on Hariel’s motion for continuance
¶ 20. On December 5, 2005, the circuit court conducted a hearing on Hariel’s motion for continuance. At the hearing, Har-iel’s lawyer abandoned his initial two underlying reasons in support of his motion for continuance. According to Hariel’s attorney, it was not a problem to appear in Biloxi at that time. Further, Hariel’s attorney stated that he was mistaken when he said he had a trial set in Chickasaw County.
¶ 21. Hariel moved to continue the summary judgment hearing. He did not move to extend his time to respond to the motions for summary judgment. According to Hariel’s attorney, he did not designate an expert or otherwise respond to BRMC’s and Dr. Palumbo’s motions for summary judgment because: (a) he had not been able to depose any BRMC employees; (b) he had only been involved with the case since July 28, 2005; (c) he expected to glean the information he required when he deposed Dr. Palumbo, but he did not obtain that information; (d) he held off on depositions because of the aftermath of Hurricane Katrina; (e) he did not think it would matter if he went over the ninety-day deadline because counsel opposite proposed deposition dates after the expiration of his additional time; and (f) he could not track down the physician Ms. Burkes consulted because Ms. *606 Burkes’s office was destroyed by Hurricane Katrina. Finally, Hariel’s attorney requested a sixty-day extension so that he could designate an expert.
¶ 22. Counsel for BRMC responded to Hariel’s assertions and noted that Hariel’s ninety-day extension ended two weeks before Hurricane Katrina struck the Gulf Coast. Further, BRMC’s lawyer related the timeline of events and pointed out that she tendered prospective dates to depose BRMC representatives, but Hariel’s attorney never responded. Ultimately, the circuit court denied Hariel’s motion for a continuance of the summary judgment hearing.
The hearing on Dr. Palumbo’s and BRMC’s motions for summary judgment
¶ 23. Immediately afterwards, the circuit court conducted a hearing on Dr. Pa-lumbo’s and BRMC’s motions for summary judgment. Dr. Palumbo and BRMC suggested that summary judgment was proper because Hariel’s ninety-day extension expired well before Hurricane Katrina, counsel for Hariel had not been diligent in conducting discovery, Hariel’s motion for continuance was not a Rule 56(f) motion for extension of time, and counsel for Har-iel could not prove excusable neglect for his lack of diligence in responding. The circuit court did not reach a decision on the day of the hearing. Instead, the circuit court ordered proposed findings of fact and conclusions of law and held the matter in abeyance for the time being.
After the summary judgment hearing
¶ 24. On December 13, 2005, Hariel filed another motion for additional time pursuant to M.R.C.P. 56(f) to depose BRMC’s clients. Hariel argued that an extension was appropriate because (a) Dr. Palumbo’s deposition date was near the end of the circuit court’s time extension, (b) BRMC’s attorney provided deposition dates either near the end of the time frame or beyond the time frame, (c) the time frame was insufficient to schedule depositions, conduct the depositions, transcribe the depositions, provide those depositions to a consulting expert, and then obtain an expert’s final opinion, and (d) Hariel’s first attorney’s office was destroyed by Hurricane Katrina and, as a result, Hariel’s then-current attorney only recently ascertained the identity of the expert consulted at the time Hariel’s complaint was filed.
¶25. On December 14, 2005, Hariel filed the affidavit of Dr. Scott Helton. Within that affidavit, Dr. Helton submitted that a “grounding pad” caused Hariel’s burn. Further, Dr. Helton stated:
Both Dr. Palumbo and the staff of [BRMC] breached the standard of care in their treatment of Mr. Hariel. It was below the standard of care for Dr. Pa-lumbo and/or the staff of the hospital for the grounding pad to be placed as it was and for the electrocautery and/or radiof-requency devices to be used as they were.
BRMC and Dr. Palumbo responded and filed a motion to strike Dr. Helton’s affidavit on the basis that (a) Dr. Helton’s affidavit was not actually an affidavit because it lacked the signature of a notary, and (b) Hariel did not demonstrate excusable neglect for his late filing.
The circuit court sustains the motions for summary judgment
¶ 26. On December 19, 2005, the circuit court granted Dr. Palumbo’s and BRMC’s motions for summary judgment. The circuit court reached its conclusion because Hariel did not depose BRMC’s staff during his ninety-day discovery extension, did not respond to BRMC’s or Dr. Palumbo’s motions for summary judgment, and did not present any evidence at the summary *607 judgment hearing. On December 21, 2005, the circuit court entered an order and overruled Hariel’s motion for additional time and granted Dr. Palumbo’s and BRMC’s motion to strike Dr. Helton’s affidavit. On January 3, 2006, the circuit court entered its final judgment of dismissal. Aggrieved, Hariel appeals.
ANALYSIS
¶27. Hariel submits that the circuit court erred when it granted Dr. Palumbo’s and BRMC’s motions for summary judgment. According to Hariel, the circuit court erred for three reasons: (a) Hariel filed an expert -witness before the circuit court granted summary judgment, (b) there was no deadline for Hariel to respond to the motions for summary judgment, and (c) Hurricane Katrina intervened before any response from Hariel was due.
A. Hariel’s Expert’s Affidavit
¶ 28. As mentioned, Hariel submitted an expert affidavit after the December 5th hearing. Incident to BRMC’s and Dr. Palumbo’s motion, the circuit court struck the affidavit of Hariel’s expert. Hariel does expressly claim the circuit court erred when it struck his expert’s affidavit. However, it is reasonable to interpret Hariel’s argument as such, considering that Hariel finds fault in the circuit court’s failure to consider the affidavit. Still, even if we apply such undue leniency to our standards regarding proper presentation of arguments on appeal, we are still confronted by the fact that Hariel submits absolutely no authority to support any such argument.
¶ 29. What remains is Hariel’s contention that the circuit court erred when it did not allow Hariel to submit untimely proof of a genuine issue of material fact. To be sure, Hariel requested an additional sixty days to obtain the affidavit of an expert, but the circuit court never gave Hariel any additional time. Further, Hariel never filed a motion to reopen the case so that he could submit the expert affidavit. Likewise, Hariel never attempted to establish excusable neglect in his failure to timely obtain the affidavit of an expert witness.
¶ 30. To the extent that Hariel’s argument may be interpreted as a suggestion that the circuit court should have given him more time to designate his expert, a trial court has sound discretion to grant or deny a continuance under Rule 56(f). Stallworth v. Sanford, 921 So.2d 340(¶ 9) (Miss.2006). This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion. Id.
¶ 31. It is important to consider the sequence of events involved in this case. There is no evidence that Hariel did anything to further designation of an expert between June of 2004 and March of 2005, when Dr. Palumbo filed his motion for summary judgment. Expert testimony is required to establish that a defendant failed to use ordinary skill and care. Stallworth, 921 So.2d at 342(¶ 6). The circuit court then gave Hariel additional time to respond to Dr. Palumbo’s motion. Har-iel did not meet his extended deadline. Instead, he filed an untimely motion for extension pursuant to M.R.C.P. 56(f). Pursuant to M.R.C.P. 56(f):
Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
*608 Next, Hariel received ninety additional days to respond to the motions for summary judgment. What is more, counsel for BRMC and Dr. Palumbo agreed to allow Hariel that additional time.
¶ 32. At that point, Hariel’s attorney and BRMC’s attorney began to work out just who Hariel wanted to depose. Hariel asked BRMC for dates to depose “your clients.” BRMC asked Hariel to be specific as to who he wanted to depose. Hariel asked BRMC to name those people involved in Hariel’s surgery. BRMC complied and offered potential deposition dates. Hariel never responded.
1133. Approximately five weeks later, BRMC contacted Hariel and noted that Hariel and Dr. Palumbo would be deposed on July 28, 2005. BRMC also referenced the fact that Hariel had not set any BRMC representatives for deposition. BRMC tendered more potential deposition dates. Again, Hariel never responded or requested to depose any of those BRMC representatives.
¶ 34. Hariel’s ninety-day extension expired on August 14, 2005. Prior to that date, Hariel did not designate an expert or request additional time to do so. BRMC informed Hariel that it intended to schedule a hearing on its motion for summary judgment. Hariel never responded. Two weeks later, Hurricane Katrina struck the Gulf Coast, so BRMC’s hearing was postponed.
¶35. During October of 2005, BRMC again attempted to schedule a hearing on its motion for summary judgment. Only then did Hariel again mention his intent to depose BRMC’s representatives. Hariel would not agree to a hearing date, and BRMC would not agree to Hariel’s request for additional time. At that point, approximately nineteen months had transpired since Hariel filed his lawsuit. At the end of October, BRMC contacted Hariel and notified him that, unless he responded by November 4th, BRMC would schedule a hearing on its motion for summary judgment for December 5th. Hariel did not respond. Accordingly, on November 10th, BRMC set its motion for hearing. Hariel did nothing until November 30th, when he filed a motion to continue the summary judgment hearing. To be clear, Hariel did not file a Rule 56(f) motion for additional time to respond to the motions for summary judgment.
¶ 36. The circuit court considered Har-iel’s motion on December 5th, but did not find Hariel persuasive. The circuit court then considered BRMC’s and Dr. Palum-bo’s motions for summary judgment. Finally, the circuit court held the matter in abeyance and ordered proposed findings of fact and conclusions of law.
¶ 37. Only afterwards did Hariel submit an expert affidavit. Hariel never requested permission to submit additional evidence. Hariel never requested that the circuit court reopen the matter. Hariel’s affidavit was too late. Hariel had multiple extensions to acquire an expert’s affidavit.
¶ 38. “A litigant desiring to avail herself of the right to present more evi-dentiary material has an affirmative duty to timely raise the issue with the trial court or be deemed to have waived objection to the- court proceeding on the motion.” Russell v. Williford, 907 So.2d 362(¶ 36) (Miss.Ct.App.2004). Pursuant to Rule 56(f), when a party who opposes summary judgment “cannot for reasons stated present by affidavit facts essential to justify his opposition,” that party must file an affidavit to that effect in order to elaim his right to a continuance in order to obtain affidavits or to pursue further discovery. M.R.C.P. 56(f). Said differently, when a litigant seeks to submit affidavits after the conclusion of a summary judgment hear *609 ing, that litigant is required to object or move for continuance at the hearing.” Russell, 907 So.2d at 369(¶ 37).
¶ 39. “Rule 56(f) is not designed to protect litigants who are lazy or dilatory.” Stallworth, 921 So.2d at (¶ 11). Considering the peculiar circumstances involved, we cannot say the circuit court abused its discretion when it did not allow Hariel to submit an untimely affidavit.
B. Hurricane Katrina
1140. Hariel submits that Hurricane Katrina intervened in his extended time. However, Hurricane Katrina made landfall over two weeks after Hariel’s extended time expired. At best, Hurricane Katrina was an arguable basis for an extension of time. Combined with the fact that Hariel never requested additional time before his time expired or even between the time it expired and Katrina’s landfall, we cannot find that the circuit court erred when it declined to give Hariel an extension due to Hurricane Katrina.
C. Hariel’s deadline
¶ 41. Hariel argues that his ninety-day extension was only a deadline for discovery and not a deadline to respond to the motions for summary judgment. The precise language of the order, entered in response to Hariel’s M.R.C.P. 56(f) motion for extension of time, set forth that “the parties are granted an additional ninety (90) days from the date of this Order to conduct discovery in this case. After that, [Hariel] will be permitted to respond to the Defendants’ Motion for Summary Judgment.”
¶ 42. Even if we interpret the order as a deadline to conduct discovery, that interpretation does not change the fact that Hariel never responded to either BRMC’s or Dr. Palumbo’s motion for summary judgment. Further, if Hariel took the position that the deadline was a discovery deadline, he never requested time to respond to the motion for summary judgment. Hariel allowed four months to elapse before he filed an affidavit-and that was after the summary judgment hearing. Hariel never argued for excusable neglect for his lack of diligence. Considering the circumstances, we can find no reversible error.
¶ 43. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.

. Hariel’s attorney dated the affidavit on May 3, 2004. The affidavit was filed on May 26, 2004.

. The parties never entered an agreed scheduling order.

. Hariel's attorney attached an affidavit to his Rule 56(f) motion for additional time to respond to Dr. Palumbo’s and BRMC’s motions for summary judgment. Within that affidavit, Hariel’s attorney claimed that Dr. Palumbo and BRMC attributed Hariel's burn to allergic reaction to iodine. Hariel's attorney also claimed that Hariel had never had an allergic reaction to iodine and that he did not believe iodine to be the cause of his burn.

.If Hariel’s attorney requested dates to depose BRMC's clients before this time, those requests do not appear in the record presently before this Court.

. Within that correspondence, Hariel's attorney asked BRMC and Dr. Palumbo to agree to allow Hariel thirty days after the completion of depositions to designate expert witnesses. Hariel also attached a proposed agreed order. The agreed order in the record indicates that BRMC’s attorney signed the proposed agreed order, but neither Dr. Palumbo’s attorney nor the circuit court signed it.

. Also on July 28, 2005, attorney Mark Cliett entered an appearance on behalf of Hariel. The record contains no indication that David Lambert withdrew as Hariel’s attorney. It is also important to note that, though Mr. Lambert filed Hariel’s complaint, attorney Jennifer Burkes referred Hariel’s case to Mr. Lambert. Ms. Burkes never entered an appearance in Hariel's lawsuit, however.